No. 30,984.

H. K. NANCE, *Appellee*, v. J. E. MULLIKIN and R. D. MITCHELL, *Appellants*.

(19 P. 2d 689.)

Opinion filed March 11, 1933.

*H. O. Trinkle,* of Garden City, for the appellants.
*Carl Van Riper,* of Dodge City, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover on a supersedeas bond given in an action of forcible detention. Plaintiff recovered, and defendants appeal.

Nance recovered judgment in the district court against Mullikin for possession of a quarter section of land. Mullikin appealed to this court, and gave a bond, signed by Mitchell as surety, to pay the value of use and occupation of the land in case the judgment should be affirmed. The judgment was affirmed. (*Nance v. Mullikin,* 131 Kan. 828, 293 Pac. 490.) By virtue of the bond, Mullikin held possession of the land from December 16, 1929, to December 29, 1930. At the trial of the action on the bond, the jury found specially the value of use of the pasture land was $25, and found generally that plaintiff's total damages were $248. Judgment was rendered accordingly.

At the trial the topography of the land and the uses to which it

was adapted were described. About ninety acres were in cultivation, and the remainder was pasture land. The land had no cash rental value. Farmers who knew the land and who had been engaged in farming in the vicinity for many years were permitted to express their opinions respecting usable value of the land during the period of detention. Mullikin contends the testimony should have been limited to the facts relating to uses to which the land was adapted, and it should have been left to the jury to draw the conclusion respecting value. The case was clearly one in which the jury could be aided by the opinions of persons qualified to express opinions.

Nance was entitled to such compensation as would put him in as good position as if he had enjoyed use and occupation of the land. Mullikin, who has spent considerable money in keeping possession, is in no position to say use of the land was of no value. The usual method of valuing use, that is, by rental value, could not be employed, and the method which was employed was the best available.

Mullikin contends the value which was proved was speculative. There is uncertainty with respect to what any farmer who sows may reap, but farming is not a speculative enterprise, and experienced farmers of the vicinity have a good notion of what the opportunity to use a farm of a given character in a given locality is worth.

The witnesses mentioned a variety of facts which bore on the subject of value of use and occupation of the farm. All these facts were embodied in instructions to the jury, to be considered in arriving at fair and reasonable compensation. As indicated, a considerable portion of the· land was wheat land. Nance was prevented from sowing wheat in the fall of 1930 which would mature in 1931. The court told the jury they might consider this fact in determining value of use and occupation from December, 1929, to December, 1930. Mullikin contends the instruction enlarged the terms of the bond to include damages to accrue beyond the period of wrongful detention. The instruction was too clear to ·be misunderstood, and had no such meaning or effect. Privilege to use the wheat land in the fall of 1930 for wheat sowing was an element of value of use for the year preceding December, 1930.

The appeal is without merit, and the judgment of the district court is affirmed.